THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | : | |
| Plaintiff, | : | Case No. 2:23-cv-3218 |
| v. | : | Judge Walter H. Rice |
| COLUMBUS SMOKE SHOP LLC, d/b/a TOBACCO & VAPE, | : | Mag. Judge Michael R. Merz |
| Defendant. | | |

ORDER SUSTAINING MOTION FOR DEFAULT JUDGMENT OF PLAINTIFF GS HOLISTIC, LLC (DOC. #26); JUDGMENT SHALL ENTER IN FAVOR OF PLAINITFF AND AGAINST DEFENDANT COLUMBUS SMOKE SHOP LLC, d/b/a TOBACCO & VAPE IN THE AMOUNT OF $144,643.66; TERMINATION ENTRY

This case is before the Court on the Motion for Default Judgment of Plaintiff GS Holistic, LLC. (Doc. #26) On October 3, 2023, Plaintiff filed its Complaint against Defendants Columbus Smoke Shop LLC, d/b/a Tobacco & Vape, and Mohammed Al Morissi. (Doc. #1). Defendant Al Morissi was dismissed from the suit without prejudice on June 25, 2024, because he was never served in his individual capacity. (Order Adopting Report & Recommendations, Doc. #19). Defendant Tobacco & Vape was properly served on or about October 18, 2023 (Affidavit of Service, Doc. #10, PAGEID 37), but has never answered the Complaint, defended against Plaintiff's claims or otherwise participated in the captioned case. On June 6, 2025, the Court ordered Plaintiff to move for default

against Tobacco & Vape; if Plaintiff failed to do so, then the case would proceed to trial. (Order, Doc. #25, PAGEID 63). On June 20, 2025, Plaintiff filed its Motion. (Doc. #26). The Motion and its exhibits were sent via certified mail to Tobacco & Vape on July 1, 2025. (Cert. of Service, Doc. #27). Tobacco & Vape has not filed a memorandum *contra*, and the time for doing so has expired. FED.R.CIV.P. 5(b)(2)(C), 6(d); S.D. OHIO CIV.R. 7.2(a)(2).

As stated above, Tobacco & Vape has never answered, moved, appeared, or otherwise participated in the case, despite multiple exhortations by the Court to do so. (Orders, Docs. #21, 23). Moreover, despite the Court warning that Tobacco & Vape, "as a pass-through entity, must be represented by counsel appearing as Trial Attorney" (Doc. #23, PAGEID 61, citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); S.D. OHIO CIV. R. 83. 4(a)), no counsel has appeared. As Tobacco & Vape may not defend itself *pro se*, Plaintiff's Motion is sustained for that reason alone.

Further, in its Motion, Plaintiff presents substantial, valid, and undisputed evidence that:

- According to the United States Patent and Trademark Office ("USPTO"), the Stundenglass Trademarks Reg. Nos. 6,174,291, 6,174,292, 6,633,884 ("Marks") are valid, active, and assigned to Plaintiff (Trademark Certs., Doc. #26, PAGEID 93-98);

- By selling counterfeit goods bearing the Stundenglass Marks likely to cause consumers to mistake the counterfeit tobacco infusers ("Products") for legitimate Stundenglass products, Tobacco & Vape is liable for both trademark infringement and false destination of origin, in violation of the Lanham Act of 1946 (Memo. in Support,

2

> Doc. #26, PAGEID 69-72, citing 15 U.S.C. §§ 1114, 1125(a); C. Folkerts Damages Decl. 1, Doc. #26, PAGEID 84-85, ¶¶ 8-17);

- Tobacco & Vape's Lanham Act violations were willful, as the statute has been interpreted. (*Id.* at PAGEID 77-78, quoting *Coach, Inc. v. Cellular Planet*, No. 2:09-cv-241, 2010 WL 2572113, *2 (S.D. Ohio Jun. 22, 2010) (Graham, J.); citing 15 U.S.C. § 1117(c); *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994); *Lorillard Tobacco Co. v. Yazan's Serv. Plaza, Inc.*, No. 05-70804, 2007 WL 1834714, *4 (E.D. Mich. Jun. 25, 2007)); and

- An award of statutory damages in the amount of $144,643.66, is commensurate with the harm Plaintiff suffered from the infringement and sufficient to act as deterrent toward future potential infringers. (*Id.* at PAGEID 79-80, citing *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 882 (S.D. Ohio Jun. 22, 2010) (Barrett, J.) (noting that "courts have found statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed."); *JUUL Labs, Inc. v. FLI High, LLC*, 2021 WL 3633512, *2 (N.D. Ohio Aug. 17, 2021); P. Multani Expert Report, Doc. #28, PAGEID 226, ¶¶ 42-43).

Tobacco & Vape has known about Plaintiff's Complaint and the nature of the allegations against it for almost two years. It has had numerous opportunities to contest Plaintiff's recitation of the facts regarding trademark validity and Tobacco & Vape's liability for selling counterfeit goods. (Doc. #26, PAGEID 65-67, citing Doc. #1, PAGEID 3-5, ¶¶ 9-20). They have not done so, even when faced with significant evidence of liability. Thus, all well-pleaded allegations in the Complaint are deemed admitted, except with respect to damages. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995).

Additionally, Tobacco & Vape has not attempted to present any evidence in opposition to Plaintiff's expert regarding damages, or in opposition to Plaintiff's well-reasoned arguments as to the appropriateness of an award of statutory

3

damages of $144,643.66, slightly more than $48,200 per infringed trademark, plus costs of litigation, injunctive relief, and destruction of the counterfeit products. (Doc. #26, PAGEID 79-81, citing Atty. Decl., Doc. #26, PAGEID 92, ¶ 6; List of Damages in other GS Holistic Cases, Doc. #26, PAGEID 206-09 (collecting cases in which statutory damages of $50,000 or more per infringement were awarded); Report, Doc. #26, PAGEID 210-36).

In parallel Stundenglass cases, the Court expressed reticence to impose statutory damages absent some relationship between the amount assessed and the injury suffered. (*See, e.g.*, Order Overruling Motion for Default, Case No. 1:23-cv-730, Doc. #15, PAGEID 157, quoting *Stark Carpet Corp. v. Stark Carpet & Flooring Installation Corp.*, 954 F. Supp. 2d 145, 154 (E.D.N.Y. 2013) ("Although statutory damages need not match actual damages, courts generally hold that statutory damages should bear some relation to actual damages suffered."); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) (Plaintiff showing bare procedural violation of law with statutory damages provision does not have Article III standing absent concrete injury-in-fact resulting from said violation.).

However, Tobacco & Vape may not escape judgment simply by not participating in the case and making actual losses impossible to ascertain. Here, Plaintiff's expert compensated for the lack of discovery by using a facially valid methodology. (Doc. #26, PAGEID 215-16, ¶¶ 12-14). From that methodology and industry information, he concluded that sales of counterfeit products accounted for approximately five percent of Tobacco and Vape's discretionary earnings

4

("DE") from 2020-2029[1], for a total damage figure of $48,214.55. (*Id.* at PAGEID 223-24, ¶¶ 35-36). From that, he applied a treble deterrence multiplier, which "has been accepted without exclusion in defamation cases when assessing reputational harm. The rationale behind this approach applies proportionately in trademark counterfeiting contexts, where the enforcement gap and economic incentives closely mirror those in defamation[.]" (*Id.* at PAGEID 226, ¶ 41). Finally, district courts have consistently awarded GS Holistic statutory damages of approximately $150,000 or more in similar cases. (*Id.* at PAGEID 206-09).

In sum, Plaintiff has demonstrated cognizable, redressable harm, and presented undisputed evidence that damages of $144,643.66 are connected to the harm Plaintiff suffered and acts as a sufficient deterrent against future infringement. Thus, judgment will enter in Plaintiff's favor in that amount.[2]

Plaintiff has also shown that equitable relief against Tobacco & Vape is necessary to prevent present and future harm to Plaintiff. (Doc. #26, PAGEID 79-81, citing 15 U.S.C. §§ 1116, 1118). Accordingly, Tobacco & Vape is enjoined from purchasing, selling, or using for any purpose, commercial or otherwise, the Products or any other counterfeit Stundenglass product that would infringe upon

---

[1] Time period used because Plaintiff began selling the Products in 2020 and offers a ten-year limited warranty on the Products, and ten years is the Products' expected life cycle. (Doc. #26, PAGEID 218, ¶¶ 21-22, n.13).

[2] While Plaintiff also asks that the Court award $962.00 in Court-related costs (Doc. #26, PAGEID 92, ¶ 6), costs are taxed against Tobacco & Vape as a matter of course fourteen days after Plaintiff files a notice of costs with the Clerk of Court's Office. FED.R.CIV.P. 54(d)(1). Thus, the Court need not reach this portion of Plaintiff's Motion at this time.

5

the trademarks at issue. Additionally, Tobacco & Vape is to destroy all Products and any other counterfeit Stundenglass items in their possession or control within thirty (30) days of entry, and certify to the Court within fourteen days of their destruction that they have been destroyed. Failure to do so may result in sanctions and additional damages being assessed against Tobacco & Vape.

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. #26) is SUSTAINED. Judgment in the amount of $144,643.66, with additional equitable relief described above, shall enter in favor of Plaintiff and against Tobacco & Vape.

The captioned case is hereby ordered terminated upon the dockets records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

August 20, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT